**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Highland Capital Management, L.P.[1]<br><br>*Debtor.* | Chapter 11<br><br>Case No. 19-34054 (SGJ) |
| Charitable DAF Fund, L.P.,<br><br>*Plaintiff,*<br><br>v.<br><br>Alvarez & Marsal CRF Management, LLC<br><br>*Defendant.* | Adversary No. 24-03073-sgj |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PENDING APPEAL

Defendant Alvarez & Marsal CRF Management, LLC ("A&M") files this opposition to Plaintiff Charitable DAF Fund, L.P.'s ("DAF") Motion to Stay Pending Appeal ("Motion"). For the reasons stated herein, DAF's Motion should be denied.

## LEGAL STANDARD

"A stay is an 'intrusion into the ordinary processes of administration and judicial review'" because the parties are "entitled to the prompt execution of orders . . . ." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Hous., LLC*, 258 F. Supp. 3d 740, 760 (N.D. Miss. 2017), *aff'd sub nom.*

---

[1]      The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

*Auto Parts Mfg. Miss., Inc. v. Kohn Law Group, Inc.*, 725 Fed. Appx. 305 (5th Cir. 2018) (citing

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotations and citation omitted)).  Accordingly,

"granting a stay pending appeal is always an extraordinary remedy, and . . . the moving party

carries a heavy burden to demonstrate that the stay is warranted."  *McCammon v. United States*,

584 F. Supp. 2d 193, 197 (D.D.C. 2008).  Indeed, entry of a stay is not "a matter of right, even if

irreparable injury might otherwise result to the appellant."  *Nken*, 556 U.S. at 427.

To carry this heavy burden, the Fifth Circuit has held that a party who moves for a stay

pending appeal must show that the balance of four factors weigh in favor of the stay: "(1) whether

the movant has made a showing of likelihood of success on the merits; (2) whether the movant has

made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would

substantially harm the other parties; and (4) whether the granting of the stay would serve the public

interest."  *In re Permian Prods. Drilling, Inc.*, 263 B.R. 510, 515 (W. D. Tex. 2000) (citing *In re

First S. Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)).

"The first two factors of the traditional standard are the most critical."  *Barber v. Bryant*,

833 F.3d 510, 511 (5th Cir. 2016) (citing *Nken*, 556 U.S. at 434).  "The Court should employ a

sliding scale approach related to those factors."  *In re Blockfi, Inc.*, No. AP 23-01144 (ABA), 2024

WL 358112, at *2 (Bankr. D.N.J. Jan. 30, 2024) (citing *Nken*, 556 U.S. at 568–69).  "For example,

if the chance of success is low and the likelihood of irreparable injury is also low, a stay should

not be granted."  *Id.* (citing *Nken*, 556 U.S. at 568–69).  "However, if the movant satisfies the first

two factors, the Court should consider the harm to the non-moving parties and the public policy

implications."  *Id.* (citing *Nken*, 556 U.S. at 569).

# ARGUMENT

DAF fails to carry its burden on each of the four factors courts consider in whether to grant a stay pending appeal.

### 1. DAF is not likely to succeed on the merits and does not even address the likelihood that it will be granted leave to appeal

"[G]reater weight is given to the first factor—the movant's likelihood of success." *Id.* (citing *In re First S. Savings Ass'n*, 820 F.2d 700, 709 n.10 (5th Cir. 1987) (holding that in the absence of the movant's showing of a likelihood of success on the merits, a stay is warranted only if the balance of the remaining factors is heavily tilted in the movant's favor)).

Because DAF moves to stay proceedings in this Court due to seeking to appeal an interlocutory order of this Court, DAF "must first establish there is a likelihood that the District Court will even grant leave to appeal. Then, [DAF] must establish the likelihood of success on the underlying merits of its appeal." *Blockfi*, 2024 WL 358112, at *3 (citing *In re Frascella Enters., Inc.*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008) (quoting *In re Enron*, 2006 WL 2400411, at *1 (Bankr. S.D.N.Y. 2006) ("Where, as here, the order being appealed is interlocutory, the relevant "likelihood of success" looks to whether "the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal."))); *In re Charmoli*, 651 B.R. 529, 533 (Bankr. E.D. Wis. 2023); *In re Mounce*, 2008 WL 2714423 at *2-3 (Bankr. W.D. Tex. July 10, 2008). DAF has done neither.

DAF does not even address the first requirement: the likelihood that the District Court will grant leave to appeal. Challenging subject matter jurisdiction does not automatically warrant a grant of interlocutory appeal. Fifth Circuit district courts have repeatedly denied leave to appeal bankruptcy court orders concerning subject matter jurisdiction. *See, e.g., In re Permian ER II, LLC*, No. MO:18-CV-00080-DC, 2019 WL 13254194, at *6 (W.D. Tex. Mar. 20, 2019); *Spencer*

*ad hoc Equity Comm. v. Idearc, Inc.*, No. 09-CV-2315-F, 2010 WL 11618165, at *2 (N.D. Tex. May 14, 2010). This is because courts are "wary of granting interlocutory appeals and will only do so in 'exceptional situations where allowing such an appeal would avoid protracted and expensive litigation.'" *Permian ER II*, 2019 WL 13254194, at *6 (citing *In re Turner*, No. CIV. A. 96-1102, 1996 WL 162110, at *1 (E.D. La. Apr. 3, 1996) (citing *Clark-Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983)).

For the second requirement of its likelihood of success on the merits—the only requirement DAF addresses—the full thrust of its argument is contained in a single sentence that merely rehashes the arguments in its prior motions, alleging that the Court's assertion of jurisdiction was based "on a hypothetical future action against another party (Mr. Seery)." Mot. at 3. As the Fifth Circuit has counseled, "a motion to stay should not be used to relitigate matters." *ODonnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). By raising the issues of "whether the potential outcome of DAF's claims may have any impact on the interpretation or implementation of the confirmed plan of reorganization," and "the ability of the Bankruptcy Courts to peer beyond the claims in a pleading to determine subject matter jurisdiction" (and all without citing a shred of case law), DAF's motion for stay largely repeats the arguments it previously made in its motion for remand. Mot. at 3. This tactic has failed to convince courts that a movant is likely to succeed on the merits. *In re Google Digital Advert. Antitrust Litig.*, 688 F. Supp. 3d 1377, 1380 (U.S. Jud. Pan. Mult. Lit. 2023) (denying motion to stay remand to Eastern District of Texas pending appeal of remand order and finding that Google was not likely to succeed on merits due to "largely repeat[ing] the arguments" it made in prior remand briefing).

DAF also fails to address the reasons cited by this Court in its opinion accompanying its denial of its motion for remand, or the arguments A&M raised in its opposition to DAF's motion for remand.  For the same reasons in those filings incorporated here by reference, DAF is unlikely to succeed on the merits.

**2.  DAF would not be irreparably injured in the absence of a stay**

DAF hinges its argument that would suffer irreparable injury on its contention that it "would have no recourse to recover [] expenses" from "any orders that this Court *may* enter while the appeal is pending [that] would be void *if* this Court does indeed lack subject matter jurisdiction." Mot. at 4 (emphasis added).  But what DAF complains about is simply the ordinary and necessary costs of litigation.  It is *always* true that a party could claim to have needlessly incurred litigation expenses where a court refuses to dismiss a case, only to have that decision reversed on appeal.  But DAF does not explain why a litigant is entitled to a stay and an interlocutory appeal every time a decision does not go its way.

Moreover, the only expenditure of resources that DAF must incur in the short term is opposing A&M's motion to dismiss—which is due just one day after the hearing on this motion, and thus (presumably) the bulk of DAF's work is already complete.  And DAF will need to respond to the pending motion to dismiss whether it does so in this Court or in state court, so its expenditure of resources will not go to waste.

Courts in the Fifth Circuit have denied a stay even when the plaintiff showed irreparable harm would occur.  *Permian,* 263 B.R. at 523 (denying motion to stay bankruptcy court order pending appeal).  As courts have explained, "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Barber*, 833 F.3d at 511 (citing *Nken*, 556 U.S. at

427 (quotation marks and citation omitted)).  DAF's failure to show irreparable harm, then, makes

an even stronger case for denying its motion to stay.

Coupled with its low likelihood of success on the merits, its failure to show irreparable

harm puts DAF's motion to stay squarely within the scenario warranting certain denial: "[I]f the

chance of success is low and the likelihood of irreparable injury is also low, a stay should not be

granted." *Blockfi*, 2024 WL 358112, at \*2 (citing *Nken*, 556 U.S. at 568–69).  The Court should

consider the remaining factors *only* if the first two are satisfied.  *Id.* (citing *Nken*, 556 U.S. at 569).

Nevertheless, A&M addresses them below.

### 3.  DAF fails to show that the balance of harms favors granting a stay

To satisfy its burden on the third factor, "the moving party must show that the balance of

harms tips in favor of granting the stay."  *In re Stewart*, 604 B.R. 900, 908 (Bankr. W.D. Okla.

2019) (quoting *ACC Bondholder Grp. v. Adelphia Commc'ns Corp., (In re Adelphia Commc'ns

Corp.),* 361 B.R. 337, 349 (S.D. N.Y. 2007).  DAF has made no such showing, making only

unsupported accusations about A&M's "primary motivation" in removing this case to this Court

and speculating on A&M's future decisions with regard to this litigation.  *See* Mot. at 4–5.  A&M's

motion to dismiss has been pending since November, and A&M is entitled to have that motion

decided.

### 4.  A stay does not serve the public interest

DAF's sole authority for its one-line argument on this fourth factor counsels that there is a

public interest in not having the Court exercise authority over parties over whom it lacks

jurisdiction.  It fails to disclose that the case it cites for this proposition itself relies word for word

on an unpublished case outside the Fifth Circuit.  Further, that maritime case, *PSARA Energy, LTD

v. SPACE Shipping, Ltd*., No. 3:17-CV-01811(VAB), 2017 WL 6629267 (D. Conn. Nov. 30, 2017),

is easily distinguishable.

The *PSARA* court was considering whether to stay its ruling to release a maritime attachment. A maritime attachment is a type of remedy used to obtain prejudgment security and jurisdiction for claims against an otherwise absent defendant, and to assure satisfaction of judgment if the underlying claims are ultimately successful. These procedures are important to the fundamentally transient maritime industry because, without them, "defendants, their ships, and their funds could easily evade the enforcement of substantive rights of admiralty law." *Winter Storm Shipping Ltd. v. TPI*, 198 F. Supp. 2d 385, 387 (S.D.N.Y. 2002). Specifically, when considering the public interest factor, the *PSARA* court noted the "far-reaching ramifications" of a "proposed rule—that attachment of a third-party's debts might proceed without consideration of whether the third party was within the jurisdiction of the court." *PSARA*, 2017 WL 6629267, at *4.

*PSARA* and the considerations it raised could not be more different from the public interests at issue in this case, namely "judicial economy and preventing unreasonably prolonged proceedings." *See, e.g., In re Quade*, 496 B.R. 520, 530 (Bankr. N.D. Ill. 2013)("further delay during an appeal may negatively impact the public interest by extending litigation past a reasonable time"). The Supreme Court has held that "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives [courts that] manag[e] ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, (2009). DAF's requested stay therefore does not serve the public interest.

**CONCLUSION**

A&M respectfully requests that the Court deny DAF's Motion to Stay Pending Appeal.


Dated: February 7, 2025                          Respectfully submitted,

                                                 By: */s/ John T. Cox III*
                                                 John T. Cox III
                                                 Texas Bar No. 24003722
                                                 Andrea Calhoun
                                                 Texas Bar No. 24116697
                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 2001 Ross Avenue, Ste. 2100
                                                 Dallas, Texas 75201-2923
                                                 Telephone: (214) 698-3256
                                                 Facsimile: (214) 571-2923
                                                 TCox@gibsondunn.com
                                                 acalhoun@gibsondunn.com


                                                 Marshall King (*Pro Hac*)
                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 200 Park Avenue
                                                 New York, NY 10166
                                                 Telephone: (212) 351-3905
                                                 Facsimile: (212) 351-5243
                                                 mking@gibsondunn.com

                                                 *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of February 2025, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ John T. Cox III*
John T. Cox III
